# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2022

Lyle W. Cayce
Clerk

No. 20-11258
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MYRNA S. PARCON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-254-2

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Myrna S. Parcon, federal prisoner # 49681-177, challenges the district court's denial of her motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as well as its subsequent denial of her motion for reconsideration. She contends that the district court's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11258

assessment of 18 U.S.C. § 3553(a) was erroneous because it relied on a single factor—the need for her sentence to provide just punishment for the offense—to the exclusion of all other § 3553(a) factors. Parcon also contends that the district court erred by focusing on its original sentencing rationale to deny her motion for compassionate release. She claims that the district court should have considered her "exceedingly low risk of recidivism, as shown in her PATTERN score, or her rehabilitation or lack of disciplinary history."[1]

We review the district court's denial of a compassionate release motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We see no such abuse in the district court's conclusion that the § 3553(a) factors weighed against release. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Parcon disagrees with the way that the district court balanced those factors, but her disagreement does not provide a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694.[2]

The district court's judgment is AFFIRMED.

---

[1] Parcon also challenges the district court's conclusion that she failed to demonstrate extraordinary and compelling circumstances. Because we conclude that the district court's § 3553(a) analysis was not an abuse of discretion, we need not reach this issue. *See, e.g.*, *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

[2] Parcon also contends that the district court erred in concluding that it lacked the authority to extend her period of supervised release while reducing her term of imprisonment. We need not address this contention because, as noted, the district court concluded that a sentence reduction was unwarranted. *See, e.g.*, *United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020) (unpublished).